IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Lorenzo C. Reyes, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15 C 50273 |
| | ) | |
| vs. | ) | |
| | ) | |
| CitiMortgage, Inc., | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons stated below, defendant's motion [20] to dismiss is granted. This case is dismissed in its entirety with prejudice.

## STATEMENT-OPINION

Plaintiff, Lorenzo C. Reyes, pro se, brings this action against defendant, CitiMortgage, Inc. The case was originally filed in Illinois state court and removed here by defendant premised on both federal question and diversity of citizenship jurisdiction. Plaintiff is a citizen of Illinois and defendant is a New York corporation with its principal place of business in Missouri. The amount in controversy exceeds $75,000. This court has diversity jurisdiction. 28 U.S.C. § 1332(a)(1). Plaintiff's claims, as set forth in his amended complaint [19], are for "violation of consumer protection laws of Illinois" in the servicing (Count I) and foreclosure (Count II) of plaintiff's mortgage loan. Defendant moves [20] to dismiss for lack of subject matter jurisdiction under the Rooker-Feldman doctrine and for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

The Rooker-Feldman doctrine bars federal courts other than the Supreme Court of the United States from reviewing judgments entered by state courts in civil litigation. Harold v. Steel, 773 F.3d 884, 885 (7th Cir. 2014). The "doctrine applies when the state court's judgment is the source of the injury of which plaintiffs complain in federal court." Id. It bars cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

Under Illinois law, the order confirming the sale is the final judgment in a mortgage foreclosure case. EMC Mortgage Corp. v. Kemp, 982 N.E.2d 152, 154 (Ill. 2012). The "judgment ordering the foreclosure of the mortgage" is not a final judgment. Id. The order confirming the sale was entered by the state court on September 23, 2015. This case was filed in the state court on September 2, 2015. The instant case was, therefore, filed in state court before

the final judgment in the state court foreclosure case was entered. The Supreme Court expressly limits the Rooker-Feldman bar to "state-court judgments rendered, before the district court proceedings commenced." Exxon, 544 U.S. at 284. As this case was commenced before entry of the final state court judgment, Rooker-Feldman does not bar this action.

After a federal district court determines Rooker-Feldman does not deprive it of subject matter jurisdiction, "[l]ogically, the district court's next inquiry is whether the doctrine of claim preclusion (*res judicata*) applies." Iqbal v. Patel, 780 F.3d 728, 730 (7th Cir. 2015). "[T]hat preclusion differs from the Rooker-Feldman doctrine and comes to the fore once the federal court concludes that it has subject-matter jurisdiction." Id. A federal court will "apply the same preclusive effect to a state court judgment as the state court itself would apply. 28 U.S.C. § 1738." Empress Casino Joliet Corp. v. Johnston, 763 F.3d 723, 727 (7th Cir. 2014). "Under Illinois law, for the doctrine of *res judicata* to apply, the following three requirements must be satisfied: (1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there is an identity of cause of action; and (3) there is an identity of parties or their privies." Id. at 727-28 (internal quotation marks and citation omitted.)

A final judgment on the merits was entered on September 23, 2015 when the state court confirmed the judicial sale. Kemp, 982 N.E.2d at 154. There is an identity of parties because plaintiff and defendant were both parties to the state court foreclosure action. As to an identity of cause of action, Illinois applies the transactional test to determine identity of cause of action. River Park, Inc. v. City of Highland Park, 703 N.E.2d 883, 893 (Ill. 1998). Under the transactional test, "separate claims will be considered the same cause of action for purposes of r*es judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." Id. "The bar extends to what was actually decided in the first action, as well as those matters that could have been decided in that suit." Id. at 889. *Res judicata* "bars suits based on facts that would have constituted a counterclaim or defense in the earlier proceeding where successful prosecution of the later action would either nullify the earlier judgment or impair the rights established in the earlier action." Kosydor v. American Express Centurion Services, Corp., 979 N.E.2d 123, 128 (Ill. App. 2012).

A review of the allegations in the amended complaint shows plaintiff's claims are based on facts that could have been raised as a defense or counterclaim in the foreclosure action or actually were raised and decided in that action. These allegations include: failing to accurately apply payments and failing to maintain accurate statements; charging excessive or inaccurate fees for default related services; providing false or misleading information in response to plaintiff's complaints; misrepresenting that loss mitigation would stop any foreclosure action; falsely advising plaintiff he must be delinquent in order to qualify for a loan modification and instructing him to purposely miss payments in order to commence a loan modification; misrepresenting that the loan modification application would be handled promptly and that the application would be completed in three months; failing to perform proper loan modification underwriting; failing to gather or losing loan modification application documents; failing to provide adequate staffing to implement the programs; failing to adequately train staff to complete the loan modification; failing to provide an adequate process for loan modification; allowing plaintiff to stay in trial modification for an excessive amount of time; wrongfully denying plaintiff's modification application; failing to respond to plaintiff's inquiries; filing the foreclosure case while telling plaintiff the loan modification application was in process;

2

miscalculating plaintiff's eligibility for loan modification programs; providing plaintiff with false or deceptive reasons for denial of the loan modification application; and failing to provide plaintiff access to loan modification status and information.

Plaintiff attaches as an exhibit to his complaint a memorandum opinion entered by the state court in the foreclosure case. The memorandum opinion deals with CitiMortgage, Inc.'s motion for summary judgment. In the memorandum opinion, the state court recounts that it "set the matter for an evidentiary hearing to get a clearer understanding of the payment history on the loan as well as the nature of the loss mitigation efforts attempted by the parties." It conducted the evidentiary hearing "as it felt that this would give both parties the best opportunity to delve into the differences in their understanding concerning the prior course of dealing between them."

Defendant attaches as an exhibit to its motion to dismiss a copy of a document plaintiff filed in the state court foreclosure opposing the confirmation of the foreclosure sale. That document raises many of the allegations included in plaintiff's amended complaint in this action. In his response to defendant's motion to dismiss here, plaintiff acknowledges having raised the issues he raises here in the state court in opposition to the motion to approve the sale. Plaintiff argues the state court judge confirmed the sale over his objection telling plaintiff that the purpose of the hearing that day was to determine if the sheriff's sale had been properly conducted and that plaintiff's claims for violation of consumer protection laws, "may be allowable but, must be brought against [defendant] in a different court."

It is clear from the foregoing that all of the factual allegations set out above could have been raised in defense of the foreclosure action. In fact, the state court held an evidentiary hearing in order to address issues related to payment history, loss mitigation efforts attempted by the parties, and their differences in understanding concerning their prior course of dealing. These are precisely the factual issues raised by plaintiff in his complaint in this court. Additionally, plaintiff in fact raised many of the allegations he raises here in his opposition to confirmation of the foreclosure sale. While plaintiff suggests the state court told him raising these issues in his opposition to the sale confirmation was procedurally incorrect, he certainly had the opportunity to raise these matters earlier in the case – for example at the evidentiary hearing held on the summary judgment motion. He also had the right to appeal the state court's final judgment to the state appellate court.

For the foregoing reasons, defendant's motion [20] to dismiss is granted. This case is dismissed in its entirety with prejudice.

Date: 10/18/2016                    ENTER:

                                    _Philip G. Reinhard_
                                    United States District Court Judge

                                    Notices mailed by Judicial Staff. (LC)

3